**NOT FOR PUBLICATION**                                [Docket No. 10]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MATTHEW DISANTO, | : | |
| | : | Civil Action No. 07-998 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED HEALTHCARE INSURANCE | : | |
| COMPANY, A DIVISION OF UNITED | : | |
| HEALTH GROUP COMPANY et al, | : | |
| | : | |
| Defendants. | : | |

Appearances:

William A. Garrigle, Esquire
Garrigle & Palm, Esqs.
Cherry Hill Plaza
1415 Marlton Pike East, Suite 311
Cherry Hill, New Jersey 08034-2210
(856) 427-9300
         Attorney for Plaintiff

Francis X. Manning, Esquire
Stradley, Ronon, Stevens & Young, LLP
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, New Jersey  08002
(856) 321-2400
         Attorney for Defendants

**Bumb,** United States District Judge:

**Introduction**

     This action involves a claim under an ERISA plan for benefits for the care and treatment that Plaintiff Matthew DiSanto, a former employee of Home Depot, received on October 21,

2005, in the emergency room of South Jersey Hospital, Elmer Division. DiSanto seeks the recovery of approximately $13,700 from Defendants United Healthcare Insurance Company ("UHIC"), and The Home Depot ("Home Depot"). See Amended Complaint, ¶ 4. The parties do not dispute that DiSanto was discharged from the hospital after receiving treatment without admission to the hospital. Nor does DiSanto deny that the ERISA plan does not provide any benefits for emergency medical care <u>unless</u> there is an admission to the hospital. What DiSanto does argue, however, is that because he did not receive the Summary Plan Description ("SPD"), the plan does not govern him, and, therefore, Defendants improperly denied his claim for benefits. Defendants have moved for summary judgment.

**Applicable Standard**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**Discussion**

Defendants contend that the health plan at issue here, the Home Depot Welfare Benefits Plan for Part-Time Associates (the "Plan"), is an employee welfare benefit plan as defined by ERISA for the benefit of employees such as DiSanto. Congress enacted ERISA to comprehensively regulate employee welfare benefit plans that "through the purchase of insurance or otherwise, provide medical, surgical or hospital care, or benefits in the event of

---

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

sickness, accident, disability or death." 29 U.S.C. § 1002(1). To that end, ERISA contains an expansive, mandatory preemption provision that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Aetna Health, Inc. V. Davila, 542 U.S. 200, 209 (2004) (holding Texas statute that imposed duty of ordinary care in the handling of coverage decisions was completely preempted by ERISA). Courts conduct a two part analysis for determining whether state law claims are preempted by ERISA. First, a court must determine whether the plan at issue qualifies as an ERISA benefits plan. Second, the court must determine whether the applicable state laws "relate to" that plan. Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 714 (D.N.J. 2004).

Thus, this Court must first consider whether the Plan constitutes an ERISA plan. ERISA defines an employee welfare benefit plan, in pertinent part, as:

> Any plan, fund, or program which has heretofore or is hereafter established or maintained by an employer...to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries...(A) medical, surgical or hospital carte

4

>    or benefits, or benefits in the event of sickness, accident, disability....

29 U.S.C. § 1002(1).

Here, Defendants argue the Plan is maintained for the purpose of providing medical benefits to part-time employees such as DiSanto and is, therefore, an ERISA plan. Defendants have attached the Plan to the Declaration of Mabel S. Fairley. Plaintiff, without citation to any legal authority, argues that his non-receipt of the Summary Plan Description ("SPD") removes his claim from ERISA coverage.[3] This argument has no merit. Indeed, it is contradicted by the statutory provisions of ERISA that specifically proscribe penalties for failure to provide requested SPDs in a timely manner. See e.g., 29 U.S.C. § 1132(c)(1).[4] Clearly, the Plan at issue was "established or maintained by an employer or by an employee organization" and "is maintained for the purpose of providing for its participants or their beneficiaries. . . medical, surgical, or hospital care or benefits. . . " and is, therefore, an "ERISA plan." See Ex. B to Mabel S. Fairly Decl.

Turning to the second part of the preemption analysis, ERISA

---

[3] An SPD is a written summary of the provisions of an employee benefit plan that must be written in a manner that can be understood by an average plan participant.

[4] In the case of an alleged reporting and disclosure violation, "an aggrieved participant must sue under section 502(a)(1)(A)." Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155 (3d Cir. 1990)

preempts Plaintiff's claims because all of his claims "relate to" an ERISA plan. "The Supreme Court has generally held that state laws 'relate to' an ERISA plan if the law either has a 'reference to' or has a 'connection with' the plan at issue." Way, 346 F. Supp. 2d at 718 (citations omitted). Plaintiff's claim for benefits clearly requires the Court to consider and apply the Plan's terms. As such, the claim directly relates to the Plan. Accordingly, ERISA completely preempts Plaintiff's state law claims. Cf. Scheibler v. Highmark Blue Shield, 2007 U.S. App. LEXIS 12977 at *5 (3d Cir. 2007)("we have explained that 'challenges [to] an administrative decision regarding whether a certain benefit is covered under an ERISA plan' are completely preempted by ERISA.") (quoting DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442,446 (3d Cir. 2003)).

Defendants have moved for summary judgment contending that there is no issue of fact as to whether it properly denied Plaintiff's benefits. As an initial matter, the Defendants argue that an arbitrary and capricious standard applies in reviewing its determination to deny Plaintiff benefits because the Plan provides that the administrator has discretionary authority to determine eligibility for benefits. Section 12.2 of the Administrative Services Agreement between UHIC and Home Depot appoints UHIC as an ERISA fiduciary "with respect to (i) performing claim processing and payment, (ii) performing the fair

and impartial review of initial claim determinations, and (iii) performing the fair and impartial review of in initial appeals." See Exhibit "A" to Declaration of Mabel S. Fairley at § 12.2. With respect to the appointment of these functions, Home Depot delegated to UHIC "the discretionary authority to (i) construe and interpret the terms of the Plan, and (ii) determine the validity of charges submitted to us under the Plan." Id.  Where such discretion is granted, a court generally reviews the administrative determination under an arbitrary and capricious standard.  Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Under the arbitrary and capricious standard, a court may overturn a decision of a plan administrator "only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." McLeod v. Hartford Life and Acc. Ins. Co. 372 F.3d 618, 623 (3d Cir. 2004).  "This scope of review is narrow, and the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits." Abnathya v. Hoffman-LaRoche, Inc., 2 F.3d 40, 44-45 (3d Cir. 1993) (internal quotations and citation omitted).

    This Court notes, however, that the delegation of discretion to UHIC is made subject to Home Depot's "retention of full responsibility as Plan Administrator for the final review of denied claims, and [Home Depot had] the discretionary authority to construe and interpret the terms of the Plan and to make

final, binding determinations concerning the availability of Plan benefits." Id.  Moreover, the Home Depot Plan is self-funded. Home Depot is "solely responsible for providing funds for payment for all Plan benefits payable to [health care providers]." Id. at § 12.4.  It is well settled that where a company both funds and administers benefits, it is operating under a conflict of interest that warrants a heightened form of the arbitrary and capricious standard of review.  See Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 378 (3d Cir. 2000).  Courts in this circuit apply a sliding scale method to determine the level of review in cases involving potentially conflicted ERISA fiduciaries, "intensifying the degree of scrutiny to match the degree of conflict." Id. at 379.

In determining the level of conflict, this Court must examine the specific facts of this case and take into account, the sophistication of the parties, the information accessible to the parties, and the exact financial arrangement between the insurer and the company and the status of the fiduciary, as financial status of the company might impact the desire to maintain employee satisfaction.  See Stratton v. E.I. Dupont De Numours & Co., 363 F.3d 250, 254 (3d Cir. 2004) (citing Pinto, 214 F.3d at 392.  Plaintiff, because he views this matter as outside the confines of ERISA, has presented no arguments as to these factors.  Defendants, who cite to Pinto and the sliding

scale aver that the "deferential arbitrary and capricious standard of review applies."

For purposes of applying the Pinto factors and deciding the standard of review, this Court will assume that there is a sophistication imbalance between the parties. See Stratton, 363 F.3d at 254. Secondly, while Plaintiff complains he was not given any SPDs, he does admit that he was given an SPD at his orientation when he started employment as a Home Depot associate in 1998. And although he also complains that Home Depot's insurance carrier changed between January and October 2005, and he was not provided an SPD at that time, he does not provide any evidence that the 2005 Plan benefits varied from the 1998 Plan benefits, of which he admits he was aware. With regard to the third factor, this Court is aware that Home Depot funded the Plan and retained "discretionary authority to construe and interpret the terms of the Plan and to make final, binding determinations concerning the availability of Plan benefits." However, even though Home Depot maintains final discretion and funds the Plan, a neutral evaluation is safeguarded by the fact that UHIC makes the initial decision on all claims. Id. at 255 (approving application of slightly heightened standard of review where employer did not make the initial claim evaluation). Finally, as there are no allegations regarding the financial health of the company, this Court finds the final factor irrelevant. Id.

Thus, taking the above factors into consideration, this Court finds that a slightly heightened standard of arbitrary and capricious review applies. This Court finds that only a slightly heightened standard of arbitrary and capricious review applies here. Id. (stating that under such a standard, a court should carefully scrutinize any allegations of error that took place in reviewing claims). Even under this heightened standard, an administrator's decision will not be overturned unless it is clearly not supported by the evidence in the record or the administrator has failed to comply with Plan terms. Id.

In applying this standard to the instant facts, Plaintiff avers that his non-receipt of the SPDs entitles him to payment of benefits. Essentially, Plaintiff is attempting to use purported ERISA reporting and disclosure violations to create a claim for benefits, typically brought pursuant to Section 502(a)(1)(B). This argument, however, has no place here and other courts in this Circuit have rejected similar arguments. See Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1157 (3d Cir. 1990) (rejecting plaintiffs' attempt to show entitlement to benefits by pointing to ERISA reporting and disclosure violations); see also Jordan v. Federal Express Corp., 116 F.3d 1005, 1010 (3d Cir. 1997).

The evidence presented, and not disputed, demonstrates that UHIC received Plaintiff's claims for medical care and treatment

he received at the emergency room of South Jersey Hospital - Elmer on October 21, 2005, but for which he was not admitted. UHIC reviewed the claims and found no coverage under the Home Depot Plan because such Plan did not provide any benefits for emergency care when not followed by admission.  Upon Plaintiff's appeal of the denial of benefits, the appeals coordinator upheld the determination of denial.

It is undisputed that Plaintiff was not admitted to the hospital after receiving treatment at the emergency room at South Jersey Hospital - Elmer.  Because this Court is not free to "substitute its own judgment for that of the defendants in determining eligibility for plan benefits," Abnathya v. Hoffman La-Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993), and because Plaintiff is attempting to overcome summary judgment by claiming only that he did not receive the SPDs, this Court holds that Plaintiff has failed to demonstrate that there is a genuine issue of material fact as to whether the decision to deny the benefits was arbitrary and capricious.  Therefore, summary judgment will be granted.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge

Dated: November 30, 2007